# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br>             Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> LOUIS MATTHEWS, ) <br>             Defendant. ) | Case No.  2:15-cr-00062-JCM-CWH <br><br> **ORDER** |

This matter is before the court on Defendant Louis Matthews' Motion to Reveal Deals and/or Concessions (ECF No. 125), and Matthews' Motion to Compel Production of Brady Material (ECF No. 126), both filed July 27, 2016; and the Government's Omnibus Response (ECF No. 130), filed August 26, 2016.  Trial is set for September 26, 2016.

The Defendant is charged by way of a Superseding Criminal Indictment with one count of Conspiracy to Possess a Controlled Substance with Intent to Distribute (Marijuana) in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(D) (Count One) and one count of Use of a Firearm During and in Relation to a Crime of Violence (Resulting in Death) in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(j), and 2 (Count Three).

In his motion to reveal deals and/or concessions, Matthews seeks an order directing the United States to disclose "any agreements made between any testifying witnesses or potentially testifying witnesses; and between the United States and any participants or alleged participants in the crime that is the subject of this matter," and that the information should be provided "substantially before trial and in a manner that allows Defendant to make effective use of the information at trial."

///

The parties appear to agree as to the applicable law. As a general proposition, there is no constitutional right to discovery in a criminal case. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1997). However, the government has a constitutional duty to disclose exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83, 87 (1963). *Giglio* held that the government must disclose impeachment evidence, including all promises, inducements, or threats made to a witness to gain the cooperation of that witness in the investigation or prosecution of the Defendant. *Giglio v. United States*, 405 U.S. 150, 154 (1972). The *Brady/Giglio* doctrine does not require the government to disclose neutral, irrelevant, speculative or inculpatory evidence. *See, e.g., U.S. v. Stinson*, 647 F.3d, 1196, 1208 (9th Cir. 2011). Evidence is material under *Brady* if there is a reasonable probability that, if the government had disclosed the evidence to the Defendant, the result of the proceeding would have been different. *See United States v. Bagley*, 473 U.S. 667, 681 (1985); *see also United States v. Acosta*, 357 F. Supp. 2d 1228, 1243 (D. Nev. 2005) (materiality standard governs pretrial requests for *Brady* disclosure).

Here, the Government agrees that the Defendant is entitled to the requested "deals" information before trial, and plans to provide it consistent with the Government Disclosure Statement ("GDS") that delineates the timeline of the disclosure of certain evidence. (Govt. Disclosure Statement (ECF No. 85).) The GDS provides that "[t]he Government will provide impeachment information relating to government witnesses who will testify at … trial … sufficiently in advance of the … trial to allow the … trial … to proceed efficiently." (*Id.* at 2.) The GDS also provides that the Government will disclose all *Jencks* material "no later than 5 days before trial or at such subsequent time as the Government learns of [it]." (*Id.* at 3.) The Government indicates that it intends to produce the requested evidence no later than 10 court days in advance of trial, which is September 12, 2016. The Court is satisfied that the Government understands and will comply with Matthews' request to reveal deals and/or concessions, and that releasing such information by September 12, 2016 is timely and will allow the trial to proceed efficiently, and so the motion is denied as moot.

In his Motion to Compel, Matthews also seeks an order to compel the production of *Brady* material, and the Government has provided its response, as follows:

  A. All evidence that tends to call into question the integrity and accuracy of the identification of Mr. Matthews made by witnesses. The reliability of witnesses identifications of Mr. Matthews is called into question by defense because the descriptions originally made by some of these witnesses do not appear reliable. The defense therefore asks for any and all information bearing on the truthfulness, bad character or bad reputation of all of the State's witnesses, including but not limited to complete adult criminal records, complete juvenile records, any contempt citations issued against witnesses, any past instances of dishonesty, fraud, lying or violent offenses on the part of the witnesses that is known by the state or its agents.

  <u>Government Response</u>: The GDS provides that "[t]he Government will provide impeachment information relating to government witnesses who will testify at … trial … sufficiently in advance of the … trial to allow the … trial … to proceed efficiently." The Government plans on producing the requested evidence no later than 10 court days in advance of trial, which is September 12, 2016.

Given the agreement from the Government as to the information requested, the Court finds this request is moot.

  B. All evidence that tends to cast doubt upon the presence of Mr. Matthews at the scene of the crime at the time of the crime. All evidence collected at the apartment and from the vehicles involved is requested. The specific evidence sought in relation to these vehicles includes, but is not limited to 'any medical or scientific records (including but not limited to the results of any test and the complete raw data upon which those test results were based that indicate the defendant was not the person who committed the crimes charged). This request is intended to encompass, but not be limited to all blood testing, DNA testing, serology testing, fingerprint testing, hair sample testing, etc.

  <u>Government Response</u>:  The Government is not in possession of any evidence that has not been disclosed that "tends to cast doubt upon the presence of Mr. Matthews at the scene of the crime at the time of the crime." The Government has already produced the results of any and all forensic testing in this case. The Government has also already produced all reports documenting the seizure of any and all evidence from the scene of the homicide as well as the two vehicles at the scene that were searched pursuant to a search warrant. The Government is not obligated to perform any additional forensic testing in this case, nor does it plan to do so.

The Court agrees with the Government that there is no obligation for it to perform additional forensic testing, and Matthews provides no case law in support of that proposition. Given that the Government does not possess requested evidence which has not already been produced, the Court finds this request moot.

/ / /

/ / /

    C. All evidence that tends to call into question the motivations of the witnesses upon whose testimony the prosecution depends establishing the participation of Louis Matthews in the crimes for which he is charged. Specifically the defense seeks anything that is inconsistent with the testimony of the state's witnesses. This might include but is not limited to prior statements of these witnesses or any other information from any other source that is inconsistent with the witnesses' testimony. Any impeachment material whether it goes directly to innocence or not. Such impeachment material includes information or materiel related to plea agreements, promises of leniency, inducements to testify, and financial assistance offered by the state.

    <u>Government Response</u>: The Government has not provided any financial assistance to any witness it intends to call during the trial of this case. And as indicated above, the Government will produce impeachment material and related Jencks material no later than 10 court days in advance of trial, which is September 12, 2016.

Given the agreement from the Government as to the information requested, the Court finds this request is moot.

Matthews also requests transcripts of telephone calls made from the Clark County Detention Center by John Thomas and Victor Nunez, however, the Government indicates that it does not possess such documents. The Court agrees that the Government has not duty to obtain those transcripts, rather, they are subject to subpoena under Rule 17. *See* Fed R. Crim. P. 17.

**IT IS HEREBY ORDERED** that Defendant Matthews Motion to Reveal Deals and/or Concessions (ECF No. 125), and Matthews' Motion to Compel Production of Brady Material (ECF No. 126) are denied as set forth herein.

DATED: September 6, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**