**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  vs.<br><br>LOUIS MATTHEWS,<br><br>      Defendant. | CASE NO.: 2:15-cr-00062-APG-DJA-2<br><br>**ORDER** |

Based on the pending Stipulation of counsel, and good cause appearing therefore, the Court finds that:

1. Defense counsel is preparing for Oral Argument in the Ninth Circuit, set for December 3, 2025.

2. Extending the Supplemental Brief will allow Mr. Matthews Investigator proper time to conduct a thorough investigation into this case and complete the requested task.

3. The Defendant is detained and does not object to the continuance.

3. The parties agree to the continuance.

4. Denial of this request for a continuance would prevent undersigned counsel from effectively and thoroughly completing the necessary research in this matter, despite the exercise of due diligence

5. This continuance is not sought for purposes of delay.

6. Denial of this request could result in a miscarriage of justice, and the ends of justice served by granting this request outweigh the best interest of the public and the defendants in a speedy trial.

7. This is the third stipulation made by the undersigned and Mr. Joshua Brister to extend the Supplemental Brief deadline. For all of the above-stated reasons, the ends of justice would best be served by a continuance.

## CONCLUSIONS OF LAW

The instant litigation is a post-conviction matter, initiated by defendant Louis Matthews' filing of a pro se 28 U.S.C. § 2255 motion where the provisions of The Speedy Trial Act do not apply. See 18 U.S.C. § 3162(d)(2)(2018) (applying its protections only to defendants that are "to be tried upon indictment or information"); see also United States v. Nickerson, 731 F.3d 1009, (9th Cir. 2013) (explaining that, when read in the context of the statue as a whole, § 3162(d)(2) applies only to "offenses" as defined by 18 U.S.C. § 3172). Instead, Rule 8 of the Rules Governing § 2255 Cases states that the hearing must be conducting "as soon as practicable after giving the attorneys adequate time to investigate and prepare." Since the parties have stipulated to facts indicating that appointed counsel for Mr. Matthews needs further time to allow investigation to prepare for his Supplemental filing, it is appropriate to grant that party's request to move the date to file by (90) ninety days.

## ORDER

Therefore, it is hereby ordered that the Supplemental brief and Exhibits be extended (91) ninety one days from December 1, 2025, to a new date of March 2, 2026.

Additionally, the Governments response shall be due (60) sixty days after the filing of the Supplemental Brief, of a new date of May 1, 2026.

IT IS SO ORDERED:

Dated: December 2, 2025

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

4