TODD BLANCHE
Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264
JOSHUA BRISTER
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Joshua.Brister@usdoj.gov
*Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS MATTHEWS,<br><br>Defendant. | Case No. 2:15-cr-00062-APG-DJA<br><br>**FIRST STIPULATION TO EXTEND GOVERNMENT'S RESPONSE DEADLINE TO MATTHEWS' SUPPLEMENTAL BRIEF (ECF No. 543)** |

IT IS HEREBY STIPULATED AND AGREED, by and between Joshua Brister, Esq., Assistant United States Attorney, and Christopher R. Oram, Esq., of the Law Office of Christopher R. Oram, Esq., CJA appointed counsel for Louis Matthews, that the government's response deadline be vacated and reset.

IT IS FURTHER STIPULATED AND AGREED that the government shall have up to and including January 29, 2027 to respond to Louis Matthews' supplemental brief.

IT IS FURTHER STIPULATED AND AGREED that Matthews shall have up to and including forty-five days after the government's filing to file his reply.

The parties enter into this stipulation for the following reasons:

1. On August 18, 2026, defendant Louis Matthews filed a supplemental brief pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. *See* ECF No. 544. The supplemental brief is voluminous and contains approximately 189 exhibits. *See* ECF Nos. 544 and 546.

2. The government's response deadline is October 19, 2026. ECF No. 543. However, considering the size of Matthews' supplemental brief, the government needs additional time to research issues of law and draft its response.

3. The requested extension is not for delay, but to ensure the government's response is carefully reviewed and thoroughly responsive to the issues presented.

4. The parties agree to the continuance.

5. The defendant is detained and does not object to the continuance.

6. Denial of this request would result in a miscarriage of justice.

DATE: September 28, 2026

Respectfully submitted,

TODD BLANCHE
Attorney General of the United States

*/s/ Joshua Brister*
JOSHUA BRISTER
Assistant United States Attorney

Law Office of Christopher R. Oram, Esq.

*/s/ Christopher R. Oram*
CHRISTOPHER R. ORAM
Attorney for Louis Matthews

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS MATTHEWS,<br><br>Defendant. | Case No. 2:15-cr-00062-APG-DJA<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER** |

## FINDINGS OF FACT

Based on the pending stipulation of counsel, and good cause appearing therefore, the Court finds that:

1. On August 18, 2026, defendant Louis Matthews filed a supplemental brief pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. *See* ECF No. 544. The supplemental brief is voluminous and contains approximately 189 exhibits. *See* ECF Nos. 544 and 546.

2. Considering the size of Matthews' supplemental brief, the government needs additional time to research issues of law and draft its response.

3. The requested extension is not for delay, but to ensure the government's response is carefully reviewed and thoroughly responsive to the issues presented.

4. The parties agree to the continuance.

5. The defendant is detained and does not object to the continuance.

6. Denial of this request would result in a miscarriage of justice.

**CONCLUSIONS OF LAW**

The instant litigation is a post-conviction matter, initiated by defendant Louis Matthews' filing of a pro se 28 U.S.C. § 2255 motion where the provisions of The Speedy Trial Act do not apply. *See* 18 U.S.C. § 3162(d)(2)(2018) (applying its protections only to defendants who are "to be tried upon indictment or information"); s*ee also United States v. Nickerson*, 731 F.3d 1009 (9th Cir. 2013) (explaining that, when read in the context of the statue as a whole, § 3162(d)(2) applies only to "offenses" as defined by 18 U.S.C. § 3172). Instead, Rule 8 of the Rules Governing § 2255 Cases states that the hearing must be conducting "as soon as practicable after giving the attorneys adequate time to investigate and prepare." Since the parties have stipulated to facts indicating that the government needs additional time to file its response to Matthews' supplemental brief, it is appropriate to grant that parties' request to move the government's response date to January 29, 2027.

**ORDER**

Therefore, it is ordered that the government's response to Matthews' supplemental brief be extended from October 19, 2026 to January 29, 2027.

Additionally, the reply brief shall be due forty-five days after the filing of the government's response, to the date of March 15, 2027.

IT IS SO ORDERED this 29th day of September, 2026.

HON. ANDREW P. GORDON
U.S. DISTRICT JUDGE